### W. R. MARTIN v. THE STATE.

No. 3341.   Decided December 2, 1914.

**1.—Raffle—Definition of Offense—Game of Chance—Rule Stated.**

A raffle is a game of perfect chance in which every participant is equal with every other in the proportion of his risk and prospect of gain.   The prize is a common fund, or that which is purchased by a common fund.   Each is an equal actor in developing the chance, in proportion to his risk, whether they be developed with dice or some other instrument is not material.   The successful party takes the whole prize and all the rest lose.   Following Stearnes v. State, 21 Texas, 692, and other cases.

**2.—Same—Case Stated—Buggy Raffle.**

Where, upon trial of raffling a buggy, the evidence showed that the defendant followed the rules as laid down in the case of Stearnes v. State, supra, in disposing of his buggy, the conviction was sustained.

Appeal from the County Court of Franklin.   Tried below before the Hon. J. J. Walker.

Appeal from a conviction of raffling; penalty, a fine of $5.

The opinion states the case.

*R. T. Wilkinson*, for appellant.—Cited State v. Randle, 41 Texas, 292, and cases cited in opinion.

*C. E. Lane*, Assistant Attorney General, for the State.—Cited cases in opinion.

HARPER, JUDGE.—Appellant was convicted of raffling, from which conviction he prosecutes this appeal, contending that the evidence does not show him guilty of that offense.   The evidence shows that appellant was a druggist and owned a buggy he desired to dispose of.   The defendant himself testified: "I owned a buggy that I wanted to dispose of, and I disposed of it in the following manner:   I wrote down the numbers from one to seventy, inclusively and consecutively, on a card, each card was placed in an envelope, separately and sealed up.   When I did this I selected a number between one and seventy, I have forgotten now what number it was, and sealed it up in an envelope; this envelope I placed on a cardboard and sealed a piece of paper over it.   I took some cigars and sold a cigar to a party and when he paid me a dollar I gave him a cigar and one of these envelopes containing a number. When I placed the number on the cardboard I gave it to Mr. Ross Smith, who took it to his drug store and kept it until he broke the seal.   When I gave a person an envelope with a number in it, they would break open the envelope and find out the number and I would then write their name down on a book and the number opposite their name on the book. After all the tickets were sold Ross Smith broke the seal on the cardboard and discovered the number under it, and the person holding the corresponding number was to get the buggy."   Not only was this appellant's testimony, but all the testimony shows these facts to be true, and appellant contends that they do not show he was guilty of raffling.

In the case of Stearnes v. State, 21 Texas, 692, the Supreme Court, speaking through Judge Roberts, held: "The raffle . . . is a game of perfect chance; in which every participant is equal with every other in the proportion of his risk and prospect of gain. The prize is a common fund, or that which is purchased by a common fund. Each is an equal actor in developing the chance, in proportion to his risk, whether they be developed with dice or some other instrument is not material. The successful party takes the whole prize and all the rest lose." This court, in the case of Risein v. State, 44 Texas Crim. Rep., 413, approves the rule stated in the Stearnes case, and under both those decisions appellant's own testimony renders him guilty of raffling, and the judgment is affirmed.

*Affirmed.*